**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

        v.

MEK GLOBAL LIMITED, PHOENIXFIN PTE
LTD., FLASHDOT LIMITED, and PEKEN
GLOBAL LIMITED (collectively d/b/a/
"KUCOIN"),

      Defendants.

Case No. 1:24-cv-02255-VEC

### MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR STAY

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") and

Defendants Mek Global Limited, PhoenixFin PTE Ltd., Flashdot Limited, and Peken Global

Limited (collectively, "Defendants," and together with the Commission, the "Parties") jointly

move to stay this case for a period of 14 days for good cause.

***Relevant Background and Procedural History***

The CFTC filed a Complaint against Defendants on March 26, 2024. (ECF No. 1.)

Initially, Defendants time to respond to the Complaint was July 9, 2024, and the Court

scheduled an Initial Pretrial Conference for June 7, 2024 (ECF No. 13). Since the filing of the

Complaint, the parties have negotiated in good faith to resolve this matter. Accordingly, the

parties requested five extensions of deadlines in this case and the adjournment of the Initial

Pretrial Conference. The Court granted to the last request on February 3, 2025. (ECF No. 33.)[1]

In granting the request, the Court stated that it is "unlikely to further extend the deadlines in this

---

[1] The prior requests for extension of deadlines and adjournment of the Initial Pretrial Conference were granted on May 6, 2024 (ECF No. 21), August 2, 2024 (ECF No. 27), October 3, 2024 (ECF No. 29), and December 4, 2024 (ECF No. 31).

case absent a showing of good cause." (*Id.*)

The Parties have continued to work in good faith toward a negotiated resolution of this matter. However, the change in administration and, in particular, the Executive Order No. 14178 titled "Strengthening American Leadership in Digital Financial Technology" (the "E.O."), compelled the CFTC to engage in further negotiations and make revisions of the agreement-in-principle previously reached between the Division of Enforcement of the CFTC and Defendants. While the Division of Enforcement ("Division") and the Defendants have agreed on the general terms of a settlement that take into account the recent E.O., the CFTC and the Defendants request a 14-day stay of this matter to allow sufficient time for the parties to present that proposed settlement to the Commission with a recommendation that it be approved. The Commission, however, is not required to accept the Division's recommendation.

### *Good Cause Exists for the Court to Grant a 14-Day Stay*

A district court has "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts in this district consider the following factors in deciding whether to stay a case: "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Here, the Parties submit that good cause warrants a brief 14-day stay. As noted above, on January 23, 2025, the President signed the above referenced E.O. *See* Exec. Order No. 14,178, 90 Fed. Reg. 8647 (Jan. 31, 2025). Among other things, the E.O. seeks to "provid[e] regulatory clarity and certainty built on technology-neutral regulations, frameworks

that account for emerging technologies, transparent decision making, and well-defined jurisdictional regulatory boundaries, all of which are essential to supporting a vibrant and inclusive digital economy and innovation in digital assets, permissionless blockchains, and distributed ledger technologies . . . ." *Id.* § 1(a)(iv). The E.O. establishes the President's Working Group on Digital Asset Markets (the "Working Group"), which includes the Chairman of the CFTC or the Chairman's designee, and directs the agencies included within the Working Group to "identify all regulations, guidance documents, orders, or other items that affect the digital asset sector." *Id.* § 4(a) and (b). The relevant agencies, including the Commission, are also directed, within 60 days, to submit to the Chair of the Working Group "recommendations with respect to whether each identified regulation, guidance document, order, or other item should be rescinded or modified, or, for items other than regulations, adopted in a regulation." *Id.* at 4(b). The Commission's decisions about how to proceed in future and ongoing digital asset matters will be guided by the Working Group's recommendations.

As any potential resolution in this matter may constitute an "order[] . . . that affect[s] the digital asset sector," the Division of Enforcement suggested certain revisions to the prior agreement in principle, which Defendants accepted. The Commission further proposed a brief stay to Defendants, and the Defendants agreed that a stay is appropriate and in the interest of judicial economy. A stay here will maintain the status quo while the Commission considers a revised agreement in light of the recent E.O. and Working Group considerations. In the absence of a stay, developments in this case may contradict or negatively impact the recommendations of, and be subject to further action by, the Working Group.

As this is a joint motion, there is no prejudice to any party here. A stay would save the Parties' resources because, absent a stay, the Parties would potentially be required to expend

significant resources to engage in discovery or move and respond to a dispositive motion. These actions may ultimately be unnecessary or alleviated following the conclusion of the requested stay. Further, a brief stay will promote the efficient use of the Court's resources because a resolution would obviate the need for the Court to resolve any forthcoming dispositive or discovery motions. A stay is also in the public interest, as it would allow time for the Commission to consider a proposed agreement while also considering any impact of potential Working Group recommendations. *See* Minute Order Granting Stay, *SEC v. Binance Holdings Ltd.*, No. 23-cv-1599 (D.D.C. Feb. 13, 2025) (granting 60-day stay in response to joint motion to stay in light of recently formed crypto task force dedicated to helping the SEC develop a regulatory framework for crypto assets).

Accordingly, the Parties respectfully request that this Court grant this Joint Motion to Stay and extend pending deadlines and appearances by 14 days.

Dated:  New York, New York
        March 4, 2025

*John A. Nathanson*
John A. Nathanson
Christopher L. LaVigne
Katherine J. Stoller
Liz Robinson
Sean T. Boren
ALLEN OVERY SHEARMAN & STERLING
US LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
john.nathanson@aoshearman.com
christopher.lavigne@aoshearman.com
katherine.stoller@aoshearman.com
liz.robinson@aoshearman.com
sean.boren@aoshearman.com

*Counsel for Defendants*

*K. Brent Tomer*
Andrew J. Rodgers
John C. Murphy
K. Brent Tomer
COMMODITY FUTURES TRADING
COMMISSION
Ted Weiss Federal Office Building
290 Broadway, Suite 600
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9938
arodgers@cftc.gov
jmurphy@cftc.gov
ktomer@cftc.gov

*Counsel for Commodity Futures
Trading Commission*