USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
COMMODITY FUTURES TRADING　　　　　　:
COMMISSION,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　-against-　　　　　　　　　　　:　　　24-CV-2255 (VEC)
　　　　　　　　　　　　　　　　　　　　　:
MEK GLOBAL LIMITED, PHOENIXFIN　　　:　　　　　ORDER
PTE. LTD., FLASHDOT LIMITED, and　　　:
PEKEN GLOBAL LIMITED (collectively　　　:
d/b/a "KUCOIN"),　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　:
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

　　　　WHEREAS on March 26, 2024, Plaintiff COMMODITY FUTURES TRADING

COMMISSION ("CFTC") filed a complaint (the "Complaint") against MEK GLOBAL

LIMITED, PHOENIXFIN PTE. LTD., FLASHDOT LIMITED, and PEKEN GLOBAL

LIMITED (collectively, "Defendants") in the above-captioned action alleging violations of the

Commodity Exchange Act and regulations promulgated thereunder, *see* Dkt. 1;

　　　　WHEREAS by Joint Stipulation and Order dated May 6, 2024, August 2, 2024, October

3, 2024, December 4, 2024, and February 3, 2025, Defendants' deadline to respond to the

Complaint was extended to March 6, 2025, to allow the parties sufficient time to discuss the

advancement of the litigation, *see* Dkts. 21, 27, 29, 31, 33;

　　　　WHEREAS the parties were directed to submit a joint proposed case management plan

and a joint letter by March 6, 2025, *see* Dkt. 33;

　　　　WHEREAS an Initial Pretrial Conference is scheduled to take place on March 21, 2025,

*see id.*;

　　　　WHEREAS Defendants and the CFTC's Division of Enforcement previously reached

an agreement in principle, pending approval of the CFTC's Commissioners, to resolve this action, and on January 24, 2025, the CFTC notified Defendants that it had not yet obtained full Commission approval to proceed with finalizing the resolution, *see id.*;

WHEREAS in the prior Joint Stipulation and Order adjourning the above-referenced deadlines, the Court indicated it was unlikely to further extend those deadlines absent a showing of good cause, *see id.*;

WHEREAS on March 4, 2025, the parties filed a joint motion to stay this case for fourteen days, *see* Dkts. 34–35;

WHEREAS Executive Order No. 14178 titled "Strengthening American Leadership in Digital Financial Technology", compelled the CFTC to engage in further negotiations and make revisions of the agreement-in-principle previously reached between the Division of Enforcement and Defendants, and the Division of Enforcement and Defendants have now agreed to the general terms of a revised settlement, *see* Dkt. 35;

WHEREAS "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936));

WHEREAS in determining whether to stay proceedings, courts consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest," *Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 227 (S.D.N.Y. 2020) (citation omitted);

WHEREAS the Court finds that staying this action for fourteen days is not in the Court's interest, as implementing such a brief stay and requiring the Court to continuously assess whether to lift that stay will not further the efficient disposition of the cases on its docket; and

WHEREAS the Court also finds that the parties' joint motion to stay this action demonstrates good cause to extend the above-referenced deadlines;

IT IS HEREBY ORDERED that the parties' joint motion to stay this case is DENIED.

IT IS FURTHER ORDERED that Defendants' deadline to respond to the Complaint, as well as all other deadlines and scheduled conferences, are ADJOURNED *sine die*. By **Monday, March 31, 2025**, the parties must file either a joint status report on the progress of settlement negotiations or a stipulation of dismissal.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at Dkt. 34.

**SO ORDERED.**

Date: March 5, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**