```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
COMMODITY FUTURES TRADING           :
COMMISSION,                         :
                              Plaintiff, :
                                      :
                -against-         :   24-CV-2255 (VEC)
                                      :
MEK GLOBAL LIMITED, PHOENIXFIN      :        ORDER
PTE. LTD., FLASHDOT LIMITED, and    :
PEKEN GLOBAL LIMITED (collectively  :
d/b/a "KUCOIN"),                    :
                                      :
                            Defendants. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on March 26, 2024, Plaintiff COMMODITY FUTURES TRADING COMMISSION ("CFTC") filed a complaint (the "Complaint") against MEK GLOBAL LIMITED, PHOENIXFIN PTE. LTD., FLASHDOT LIMITED, and PEKEN GLOBAL LIMITED (collectively, "Defendants") in the above-captioned action alleging violations of the Commodity Exchange Act and regulations promulgated thereunder, *see* Dkt. 1;

       WHEREAS Defendants and the CFTC's Division of Enforcement previously reached an agreement in principle, pending approval of the CFTC's Commissioners, to resolve this action, and on January 24, 2025, the CFTC notified Defendants that it had not yet obtained full Commission approval to proceed with finalizing the resolution, *see* Dkt. 33;

       WHEREAS on March 4, 2025, the parties filed a joint motion to stay this case for fourteen days in light of Executive Order No. 14178 titled "Strengthening American Leadership in Digital Financial Technology," which compelled the CFTC to engage in further negotiations and make revisions of the agreement-in-principle previously reached between the Division of Enforcement and Defendants; the parties then agreed to the general terms of a

revised settlement, *see* Dkts. 34–35;

WHEREAS on March 5, 2025, the Court denied the parties' request to stay this action for fourteen days, adjourned all pending deadlines and scheduled conferences *sine die*, and required the parties to submit a status report regarding the progress of settlement negotiations by March 31, 2025, *see* Dkt. 36;

WHEREAS the March 31, 2025 status report indicated that Defendants and the Division of Enforcement had negotiated the terms of a proposed consent order and the Division had recommended that the Commission authorize it to sign the consent order and submit it to the Court for approval; the Court granted the parties' request to provide a further status report by April 21, 2025, *see* Dkt. 40;

WHEREAS the April 21, 2025 status report indicated that authorization from the Commission for the Division to sign the consent order appears unlikely because of the April 8, 2025 press release issued by the Commission's Acting Chairman titled, "Acting Chairman Pham Lauds DOJ Policy Ending Regulation by Prosecution of Digital Assets Industry and Directs CFTC Staff to Comply with Executive Orders" (the "Release"), *see* Dkt. 41;

WHEREAS the Release prohibits the CFTC from dismissing a case or entering into a settlement consent order without a majority vote by the Commission, and no party holds a majority on the Commission; the Acting Chairman has directed the Division "to preserve the CFTC's limited enforcement resources by de-prioritizing actions involving violations of registration requirements under the Commodity Exchange Act," *id.*;

WHEREAS "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936));

WHEREAS in determining whether to stay proceedings, courts consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest," *Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 227 (S.D.N.Y. 2020) (citation omitted); and

WHEREAS in light of the Release, the Court finds that staying this action preserves time and effort for the parties and the Court while the Division awaits further direction from the Commission regarding the future of this case;

IT IS HEREBY ORDERED that this action is STAYED.

IT IS FURTHER ORDERED that, beginning on **Monday, November 3, 2025**, the parties must submit a status report every six months regarding whether Plaintiff is prepared to proceed to litigate, settle, or dismiss this action.  The status report should be submitted on the first business day for each six-month period (i.e., the status report following the November 2025 report will be due by Friday, May 1, 2026).  If at any time the Commission authorizes Plaintiff to take action in this case, the parties must instead file a status report within one week of the Commission's authorization.

**SO ORDERED.**

**Date:  April 22, 2025**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**