USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/30/2026___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MEK GLOBAL LIMITED, PHOENIXFIN PTE LTD., FLASHDOT LIMITED, AND PEKEN GLOBAL LIMITED (collectively d/b/a "KUCOIN"), | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 24-CV-2255

**CONSENT ORDER FOR PERMANENT INJUNCTION,**
**CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST**
**DEFENDANT PEKEN GLOBAL LIMITED**

## I.    INTRODUCTION

On March 26, 2024, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Mek Global Limited ("Mek Global") PhoenixFin PTE Ltd. ("PhoenixFin"), Flashdot Limited ("Flashdot"), and Peken Global Limited ("Peken Global," and together with Mek Global, PhoenixFin, and Flashdot, "KuCoin" or "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2024).

## II.    CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against all Defendants, Defendant Peken Global:

1.     Consents to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendant Peken Global Limited ("Consent Order");

2.     Affirms it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3.     Acknowledges service of the summons and Complaint;

4.     Admits the jurisdiction of this Court over it for the purposes of this settlement and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5.     Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6.     Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7.     Waives:

(a)     Any and all claims that it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2024), relating to, or arising from, this action;

(b)     Any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c)     Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d)     Any and all rights of appeal from this action;

2

8.     Acknowledges that it is not the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act, specified in subpart (a) of Paragraph 7;

9.     Consents to the continued jurisdiction of this Court over it for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Peken Global now or in the future resides outside the jurisdiction of this Court;

10.     Agrees that it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

11.     Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Peken Global's:  (a) testimonial obligations, or (b) right to take legal or factual positions in other proceedings to which the Commission is not a party.  Peken Global shall comply with this agreement, and shall undertake all steps necessary to ensure that all of its agents and/or employees under its authority or control understand and comply with this agreement;

12.     Admits:  (i) all facts admitted in the Plea Agreement of Peken Global with the U.S. Attorney's Office for the Southern District of New York in *United States v. Flashdot Limited, et al.*, No. 24-cr-168 ("Criminal Action"); and (ii) the allegations in paragraphs 11 and

3

12 of the Commission's Complaint as they relate to jurisdiction and venue, as stated in paragraphs 4-6 above.

13. Except as set forth in paragraph 12 above, consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint or any findings or conclusions in this Consent Order;

14. Consents to the use of the Findings of Fact and Conclusions of Law in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

15. Does not consent, however, to the use of this Consent Order, or the Findings of Fact and Conclusions of Law herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than: a statutory disqualification proceeding; proceeding in bankruptcy or receivership; or proceeding to enforce the terms of this Order;

16. Does not consent to the use of this Consent Order, or the Findings of Fact or Conclusions of Law herein, by any other party in any other proceeding;

17. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Peken Global in any other proceeding.

### III.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable

relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.  The findings and conclusions in this Consent Order are not binding on any other party to this action.

## A.    Findings of Fact

### The Parties to this Consent Order

18.    Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

19.    Defendant Peken Global is a company incorporated under the laws of the Turks and Caicos Islands.  Peken Global operates the KuCoin exchange.  Peken Global has never been designated or registered with the Commission in any capacity.

### The KuCoin Exchange and Products

20.    KuCoin is a global cryptocurrency exchange located outside the United States. From at least July 2019 and continuing to at least June 2023 (the "Relevant Period"), direct access to KuCoin's electronic trading and order matching system was permitted either through its website, which was accessible to members or other participants located in the United States, or through a downloadable application, which was available to download on Apple, Google, and Android mobile devices located in the United States.

21.    During the Relevant Period, KuCoin listed commodity derivative products for trading, including "quarterly delivery futures" referencing bitcoin (BTC), ether (ETH), litecoin (LTC), and other digital assets that are commodities as defined under Section 1a(9) of the Act, 7 U.S.C. § 1a(9).

22.    During the Relevant Period, approximately 1.54 million members or other participants located in the United States entered trades directly into the KuCoin exchange's trade

matching system, generating approximately $110 million in trading fees from the trading of commodity derivatives.

### Peken Global's Representations Relating to Remedial Measures

23.     Peken Global represents that KuCoin, both before and after the Complaint in this action was filed, engaged in substantial measures to enhance its compliance program, including engaging in a process of identifying and offboarding individuals identified as U.S. registered users.

## B.     Conclusions of Law

### Jurisdiction and Venue

24.     This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).  Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), provides that the Commission may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

25.     Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because acts and practices in violation of the Act occurred within this District.

### Count I – Peken Global's Execution of Futures Transactions Involving Commodities on an Unregistered Board of Trade

26.     During the Relevant Period, by the conduct described above and in the Complaint, Defendant Peken Global, doing business as KuCoin, and through its officers, employees, and agents, permitted direct access by members or other participants located in the United States to

enter trades directly into its electronic trading and order matching system without a valid and current Order of Registration issued by the Commission to a board of trade, exchange or market located outside the United States.  Peken Global thereby violated Regulation 48.3, 17 C.F.R. § 48.3 (2024).

## IV.    PERMANENT INJUNCTION

### IT IS HEREBY ORDERED THAT:

27.    Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Peken Global is permanently restrained, enjoined and prohibited from, in violation of Regulation 48.3, 17 C.F.R. § 48.3 (2024), permitting direct access to members or other participants located in the United States to its electronic trading and order matching system without registration by the Commission as a foreign board of trade.

28.    Counts II through V of the Complaint are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41, with each party to bear its own costs and fees.

## V.    MONETARY SANCTIONS

### A.    Civil Monetary Penalty

29.    Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1), provides that the maximum civil monetary penalty in this matter is $100,000 ($227,220 as adjusted for inflation) per violation or triple the monetary gain.  Peken Global shall pay a civil monetary penalty in the amount of five hundred thousand dollars ($500,000) ("CMP Obligation") within thirty days of the date of the entry of this Consent Order.  If the CMP Obligation is not paid in full within thirty days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

7

30.     Peken Global shall pay the CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amc-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Peken Global shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions.  Peken Global shall accompany payment of the CMP Obligation with a cover letter that identifies Peken Global and the name and docket number of this proceeding.  Peken Global shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to Paul Hayeck, Acting Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

## B.     Provisions Related to Monetary Sanctions

31.     Defendant Peken Global acknowledges that the Commission is not seeking and the Court is not imposing disgorgement, based upon: (i) Peken Global's cooperation in a Commission investigation and related proceedings, including the Criminal Action, and (ii) in consideration of the judgment entered in the Criminal Action, in which Peken Global was subject

8

to, *inter alia*, a forfeiture order, as reflected in the Consent Preliminary Order of Forfeiture/Money Judgment in the Criminal Action (ECF No. 19).

32.    Partial Satisfaction:  Acceptance by the Commission of any partial payment of the CMP Obligation shall not be deemed a waiver of Peken Global's obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**C.    Cooperation**

33.    Peken Global shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement, in this action, and in any current or future Commission investigation, civil litigation or administrative matter related to, or arising from, this action.

## VI.    MISCELLANEOUS PROVISIONS

34.    Until such time as Peken Global satisfies in full the CMP Obligation under this Consent Order, upon the commencement by or against Peken Global of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of Peken Global's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

35.     Notice:  All notices required to be given by any provision in this Consent Order, except as set forth in paragraphs 30 and 34, above, shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Paul Hayeck
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Center
1155 21st Street, NW
Washington, D.C. 20581

Notice to Defendant Peken Global:

John A. Nathanson
Allen Overy Shearman Sterling US LLP
599 Lexington Avenue
New York, NY 10022

All such notices to the Commission shall reference the name and docket number of this action.

36.     Change of Address/Phone:  Until such time as Peken Global satisfies in full its CMP Obligation as set forth in this Consent Order, Peken Global shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten calendar days of the change.

37.     Entire Agreement and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless:  (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

38.     The parties agree that the terms and conditions set forth herein are limited to the specific facts and circumstances of this case.

10

39.    Invalidation:  If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

40.    Waiver:  The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

41.    Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Peken Global to modify or for relief from the terms of this Consent Order.

42.    Injunctive and Equitable Relief Provisions:  The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise:  (1) Peken Global; (2) any officer, agent, servant, employee, or attorney of Peken Global; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

43.    Authority:  Bochong Wang hereby warrants that he is the Chief Executive Officer of Peken Global, and that this Consent Order has been duly authorized by Peken Global and he has been duly empowered to sign and submit this Consent Order on behalf of Peken Global.

44. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

45. Contempt: Peken Global understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this Consent Order.

46. Agreements and Undertakings: Peken Global shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant Peken Global Limited* forthwith and without further notice.

**IT IS SO ORDERED** on this _30th_ day of _March_, 2026.

_____
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

Bochong Wang
Chief Executive Officer
Peken Global

Date: ____ 19 | 03 | 2026

Approved as to form:

John A. Nathanson
Allen Overy Shearman Sterling US LLP
Attorney for Peken Global

Patryk Chudy
Patryk Chudy, Associate Director
Meredith Borner, Trial Attorney

COMMODITY FUTURES TRADING
COMMISSION
Ted Weiss Federal Office Building
290 Broadway, Suite 600
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9938
pchudy@cftc.gov
mborner@cftc.gov

Dated ____ March 26, 2026

13